Dawn M. Maguire-Bayne, State Bar #20368
**ALLEN, SALA & BAYNE, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: dbayne@asbazlaw.com

Attorneys for Trustee Dina L. Anderson

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| SEAN C. LEWIS, | Case No. 2-13-bk-03749-EPB |
| Debtor. | STIPULATION FOR SETTLEMENT AND COMPROMISE OF CLAIM PURSUANT TO FED.R.BANKR.P. 9019<br>-and-<br>APPLICATION TO EMPLOY SPECIAL COUNSEL<br>-and-<br>APPLICATION TO APPROVE SPECIAL COUNSEL'S FEES AND COSTS |

Dina L. Anderson, the Chapter 7 Trustee in the above-captioned case ("Trustee"), by and through undersigned counsel, Donn M. Coolidge and The Law Offices of Lerner & Rowe, P.C., and Breauna Welch ("Ms. Welch") through her insurance carrier 21st Century Insurance ("21st Century"), hereby stipulate and agree as follows:

### FACTS

1. On March 14, 2013 ("Petition Date"), Sean C. Lewis ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. Dina L. Anderson is the duly appointed Chapter 7 Trustee.

3. Debtor contends that Ms. Welch was the negligent party in a pre-petition automobile accident, which occurred on December 14, 2012 ("Personal Injury Claim").

4. The Debtor asserts a right to recover damages as a result of the accident.

5. Debtor did not disclose the Personal Injury Claim on his bankruptcy schedules.

6. The Debtor did not claim an exemption in the recovery of the Personal Injury

Claim. The Debtor is not entitled to an exemption in the Personal Injury Claim or recovery.

7. The Personal Injury Claim was initiated prior to the Petition Date and, therefore, is property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

8. The Trustee requests authority to employ Donn M. Coolidge and The Law Offices of Lerner & Rowe, P.C. (collectively, "Special Counsel") as special counsel to pursue the Personal Injury Claim. The Verified Statement of Donn M. Coolidge is attached hereto as **Exhibit "A"**.

9. According to the pre-petition fee agreement, Special Counsel is entitled to a contingency fee in the amount of thirty-three and one third percent (33 1/3%) from the settlement amount, or $3,666.67. Additionally, Special Counsel is entitled to recover its costs of $32.03. Out-of-pocket expenses (telephone, facsimile, duplicating, courier services, filing fees, etc.) have been billed at actual cost. A copy of the costs is attached hereto as **Exhibit "B"**.

10. In full and final settlement of all issues relating to the Personal Injury Claim, including all pain and suffering claims, 21st Century has paid $11,000.00 ("Settlement Funds").

**RECORDED LIENS**

11. The Trustee has reviewed the Maricopa County Recorder's records and determined that there are no valid medical liens recorded against the Settlement Funds.

**ASSERTED LIENS**

12. Michael C. Kennedy, DC PC ("Kennedy") asserted a medical lien against the Settlement Funds in the amount of $4,689.00, and agreed to reduce that amount to $3,666.00. This agreement was done without the Trustee's knowledge, or Court approval. The Trustee has filed a complaint against Kennedy for the return of the $3,666.00, the amount of the post-petition transfer.

**SETTLEMENT TERMS**

13. From the Settlement Funds, the Trustee shall pay the following amounts:
   a. Special Counsel's fees in the amount of $3,666.67 and costs of $32.03 c/o The Law Offices of Lerner & Rowe, P.C., Attn: Donn M. Coolidge,

2

2701 E. Camelback Rd, Suite 140, Phoenix, AZ 85016; and

b. The balance of the Settlement Funds shall be held by the Trustee for the benefit of this bankruptcy estate.

14. Any check paid to fulfill this settlement shall be made payable to "Dina L. Anderson, Chapter 7 Trustee" and sent to Ms. Anderson at 21001 N. Tatum Blvd., Ste. 1630-608 Phoenix, AZ 85050.

15. In the event 21st Century remits the Settlement Funds prior to the parties receiving the entry of the Order authorizing this Stipulation, the Trustee may deposit the Settlement Funds into the Trustee's trust account set up for this bankruptcy estate.

16. This Stipulation, in conjunction with the Release, contain the complete agreement between the parties and no other documents shall be relied upon by any of the parties to supplement, modify, change or affect the terms of this Stipulation, unless entered into after the date of this Stipulation and signed by all parties hereto.

17. This Stipulation shall be binding upon the parties hereto, their successors and assigns.

18. In the event of any breach of this Stipulation, the Trustee shall be entitled to, in addition to any other amounts due or rights granted to the Trustee under this Stipulation, an award of all costs and attorneys' fees incurred in pursuing the enforcement or collection of this Stipulation.

19. This Stipulation shall be subject to Bankruptcy Court approval, after appropriate motion and notice to all creditors and parties-in-interest. The Trustee shall file the appropriate motion for approval pursuant to Fed.R.Bankr.P. 9019. In the event that approval is not granted, this Stipulation shall be null and void.

20. All parties hereto shall bear their own costs and attorneys' fees.

21. The parties agree that this Stipulation may be signed in multiple counterparts, including facsimile copies or in the form of a scanned signature delivered electronically in portable document format, and all such counterparts taken together shall constitute one

3

complete instrument.

22. Nothing in this Stipulation, express or implied, is intended to confer any rights or remedies under or by reason of this Stipulation on any person or entities other than the parties to this Stipulation, nor is anything in this Stipulation intended to relieve or discharge the obligation or liability of any third party or entity not a party hereto.

23. The Bankruptcy Court shall retain jurisdiction to resolve all disputes concerning the interpretation and enforcement of this Stipulation.

24. This Stipulation shall be construed in accordance with the laws of the State of Arizona, except to the extent it is controlled by the federal bankruptcy laws.

DATED: June 30, 2014

ALLEN, SALA & BAYNE, PLC

Dawn M. Maguire-Bayne
1850 N. Central Ave., Suite 1150
Phoenix, AZ 85004
Attorneys for Trustee Dina L. Anderson

THE LAW OFFICES OF LERNER & ROWE, P.C.

Donn M. Coolidge
2701 E. Camelback Rd, Suite 140
Phoenix, AZ 85016
Special Counsel for the Trustee

4

I:\6000\6100\6171-Anderson\111-Lewis.Sean\Stip. PI\Stipulation and Employment.doc

Dawn M. Maguire-Bayne, State Bar #20368
**ALLEN, SALA & BAYNE, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: dbayne@asbazlaw.com

Attorneys for Trustee Dina L. Anderson

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| SEAN C. LEWIS, | Case No. 2-13-bk-03749-EPB |
| Debtor. | **VERIFIED STATEMENT OF DONN M. COOLIDGE AS SPECIAL COUNSEL FOR TRUSTEE** |

STATE OF ARIZONA )
) ss.
County of Maricopa )

Donn M. Coolidge being first duly sworn upon his oath, deposes and states:

1. I make this declaration based upon my personal knowledge in support of the *Application to Employ Special Counsel for the Trustee* ("Application").

2. I am an attorney with The Law Offices of Lerner & Rowe, P.C. located at 2701 E. Camelback Rd. Suite 140, Phoenix, AZ 85016 ("Law Firm").

3. I was admitted to the practice of law in the State of Arizona in 1998.

4. I am familiar with the facts relating to the Debtor's pre-petition injury, and have extensive personal injury law experience in the State of Arizona and believe I am qualified to serve as special counsel for the Trustee in this matter.

5. I do not hold or represent an interest adverse to the Debtor, his creditors, the Trustee or the bankruptcy estate.

6. I have agreed to accept employment on the terms and conditions set forth in the Application, which is the only agreement or arrangement between Donn M. Coolidge and the Trustee for payment of fees and expenses.

I:\6000\6100\6171-Anderson\111-Lewis.Sean\Stip. P\Verified Statement.doc

1     7.     I agree not to share any fees or expenses which may be awarded as a result of my
2 representation of the Trustee in this matter, except as with members of the Law Firm.
3     DATED: _____5/22/14_____

_____
Donn M. Coolidge

SUBSCRIBED AND SWORN to before me this 18th day of June, 2014 by Donn M. Coolidge.

_____
Notary Public

My commission expires on:

Notary Public State of Arizona
Maricopa County
Michelle Moreno
My Commission Expires 12/30/2016

-2-

# Cost Invoice for Lewis, Sean

187 Thompson Ave, Apartment No. 10
West St. Paul, MN 55118
Matter No. 1353387PA



LAW OFFICES OF
LERNER & ROWE

| Date | Comment | Postage | Copy Fee | Total Cost |
|---|---|---|---|---|
| 2/28/2013 | File Folder Cost | 0 | 0 | $ 3.67 |
| 3/5/2013 | Limitations worksheet mailed to client | $ 0.48 | 0 | $ 0.48 |
| 3/5/2013 | Enclosure; Self addressed, pre-posted envelope to client for return. | $ 0.48 | 0 | $ 0.48 |
| 3/5/2013 | Welcome Letter mailed to client | $ 0.48 | 0 | $ 0.48 |
| 3/5/2013 | Letter of Rep mailed to Republic West Insurance Co. | $ 0.48 | 0 | $ 0.48 |
| 5/23/2013 | Letter of Rep mailed to Meridian Resource Subrogation. | $ 0.48 | 0 | $ 0.48 |
| 6/3/2013 | Letter of Rep mailed to 21st Century Insurance. | $ 0.48 | 0 | $ 0.48 |
| 6/7/2013 | Third Party Demand Package mailed to Republic West Insurance. | $ 2.24 | $ 3.30 | $ 5.54 |
| 8/15/2013 | Signed Third Party Release mailed to Republic West Insurance Co. | $ 0.48 | 0 | $ 0.48 |
| 9/25/2013 | Settlement Check mailed to Sean Lewis per request | $ 0.48 | 0 | $ 0.48 |
| 9/26/2013 | Medical Bill Payment Letter with Check enclosed mailed to Dr. Michael Kennedy. | $ 0.48 | 0 | $ 0.48 |
| 2/21/2014 | File Delivery from Storage (courier cost) | $ - | 0 | $ 18.50 |
| | **Total Costs to Firm** | | | **$ 32.03** |